**CV 14-3674**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TAIS LOPEZ,

                                  Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER MICHAEL WILLIAMS (TAX 946396),
and JOHN DOE,

                                  Defendants.
------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

MAUSKOPF, J.

ORENSTEIN, M.J.

      Plaintiff, Tais Lopez, by her attorneys, Reibman & Weiner, as and for her Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff, Tais Lopez, was an adult female resident of Kings County, within the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.    At all relevant times hereinafter mentioned, defendant, POLICE OFFICER MICHAEL WILLIAMS (TAX 946396), was an adult male employed by the City of New York as a member of the NYPD assigned to the 79th Precinct. Defendant Williams is sued herein in his

official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant JOHN DOE was an individual employed by the City of New York as members of the NYPD whose identity is currently unknown to the plaintiff. The Doe defendant is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year of the accrual of plaintiff's claims for assault and battery pursuant to New York State Law.

## RELEVANT FACTS

10. On June 13, 2013, at about 9:00 a.m., plaintiff was lawfully present at Brighter Choice Community School, her son's elementary school, located at 280 Hart Street in Kings County.

11. At or about this time, the individual defendants arrived in uniform and on duty.

12. The defendants approached and detained plaintiff without any legal justification or excuse.

13. Plaintiff was not engaged in any suspicious or illegal activity, and there was no legal basis or justification for the defendants to approach and detain plaintiff.

14. The individual defendants, including defendant Williams, subjected plaintiff to excessive force by, in part, forcefully seizing her, twisting her arms behind her back, and kneeing her in her back.

15. Plaintiff was not resisting arrest and there was no legal justification or excuse for the defendants to use any force against her, much less the force that was actually employed.

16. Despite the fact that plaintiff was not engaged in any illegal or suspicious activity, she was formally arrested and placed in handcuffs.

17. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

18. The search yielded no evidence of any guns, drugs, or contraband.

19. As a result of defendants' actions, plaintiff sustained physical injuries,

including, but not limited to, pain to her shoulders, knees, and back.

20. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary, reasonable, lawful, or appropriate.

21. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

22. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

23. Plaintiff was then transported to a local area precinct believed to be the 79th Precinct, where she was held for several hours.

24. Plaintiff was then transferred to Kings County Central Booking where she was held for several more hours before she was arraigned on a criminal complaint containing false allegations sworn to or provided by defendant Williams.

25. Specifically, defendant Williams provided allegations in support of the criminal complaint that he observed plaintiff "in the hallway during school hours, yelling, cursing, and flailing [her] arms about."

26. These and other allegations contained in the complaint were false and the individual defendants, including defendant Williams, knew them to be false when they were made.

27. Pursuant to these and other false allegations, plaintiff was charged with Resisting Arrest and two counts of Disorderly Conduct.

28. Plaintiff was arraigned on these false allegations and was released with a

future court date.

29. Plaintiff was forced to make several court appearances pursuant to these allegations before her charges were dismissed when she acceded to an Adjournment in Contemplation of Dismissal.

30. The factual allegations sworn to by defendant Williams against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

31. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

32. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

33. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

34. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

35. Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

36. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against her, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

37. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

38. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

39. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

41. Plaintiff repeats the allegations contained in the foregoing paragraphs as though stated fully herein.

42. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

43. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

44. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

45. All of the acts and omissions by the individual defendants described above

were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

46. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

47. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

   d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

   e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise* v. *City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens* v. *City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

    h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton* v. *Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz* v. *The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza* v. *City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

48.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions

9

and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

49. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

50. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

51. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

### THIRD CAUSE OF ACTION

52. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

53. Plaintiff was subjected to assault, battery, false arrest, excessive force, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

55. At no time did defendants have any legal basis for arresting plaintiff,

10

subjecting her to excessive force, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

56.     The defendants are therefore liable under New York law to plaintiff for assault, battery, false arrest, excessive force, denial of due process and fair trial.

57.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration..

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

  i.    On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

  ii.   On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

  iii.  On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

  iv.   On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

  v.    On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    vi.    On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

    vii.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    viii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       June 10, 2013

By: _____
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743